**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 24 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LESLY ARACELY COELLO-
AMADOR,

Petitioner,

v.

JOHN ASHCROFT, Attorney General,

Respondent.

No. 04-9545
(No. A73 375 471)
(Petition for Review)

**ORDER AND JUDGMENT** *

Before **EBEL** , **BALDOCK** , and **KELLY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Petitioner Lesly Aracely Coello-Amador, a native and citizen of Honduras,

seeks review of a Board of Immigration Appeals (BIA) order denying her motion

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

to reopen removal proceedings and also challenges the BIA's refusal to exercise its *sua sponte* power to reopen proceedings. This court affirms the denial of the BIA's order and, for lack of jurisdiction, does not consider petitioner's alternative claim for relief.

I.    Background

Petitioner was admitted to the United States on July 7, 1994, on a six-month nonimmigrant visa. She overstayed the duration of the visa and, on September 6, 1995, she was personally served with an Order to Show Cause. The Order, which was written in both English and Spanish, charged her with deportability and informed her that she would be required to appear for a hearing to be calendared and noticed at a later date. It warned that if she failed to appear, she would "be ordered deported **in [her] absence** if it is established that [she is] deportable and [she had] been provided the appropriate notice of the hearing." Admin. R. at 235. The Order also stated that petitioner was "required by law to provide immediately in writing an address (and telephone number, if any) where [she] could be reached" and notice of the hearing would be mailed only to the last address provided by petitioner. *Id.* Petitioner provided the mailing address of P.O. Box 6524, Sheridan, Wyoming.

A hearing notice was sent by certified mail to that address, advising petitioner of an immigration hearing scheduled for January 18, 1996, in Denver,

Colorado. The notice was received and signed for by an individual named Frank Schultz. Petitioner did not appear for the hearing. Rather than proceeding *in absentia*, the Immigration Judge adjourned the hearing to February 1, 1996, giving petitioner a second chance to appear. A second hearing notice was sent to petitioner at the same address and it, too, was received and signed for by Mr. Schultz.

Petitioner again failed to appear for her hearing. The Immigration Judge proceeded *in absentia*, found that petitioner was deportable as charged, and ordered her deported to Honduras. A copy of the order was sent to petitioner at the same address. Later, it was returned to the Immigration Court with a handwritten "return-to-[s]ender" designation. *Id.* at 213. Also, Mr. Schultz visited the INS office in Casper, Wyoming, to state that petitioner had moved out and he did not know her current address.

More than three years later, petitioner filed a motion to reopen the *in absentia* proceeding. The Immigration Judge determined that petitioner "was given every opportunity to attend. The notice was served at the proper address. [She] did not report a new address. She has not satisfied the statutory requirements for reopening." *Id.* at 161. He therefore denied the motion to reopen. Petitioner appealed to the BIA, which summarily affirmed the Immigration Judge's decision without opinion.

II.     Discussion

This court reviews the agency's decision on a motion to reopen for abuse of discretion. "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Gurung v. Ashcroft*, 371 F.3d 718, 720 (10th Cir. 2004) (quotations omitted). Petitioner argues that her motion to reopen was improperly denied, because she had no notice of the immigration hearing.

As background information, petitioner explains that she married her United States citizen husband, Larry Branson, before her visa expired. She then separated from her husband to live with Mr. Schultz at the Sheridan, Wyoming address. Later, she had a disagreement with Mr. Schultz and returned to her husband. She left Mr. Schultz's home before receiving the hearing notices. [1]

---

[1]     The above summary of petitioner's living arrangements is based on the account given in her appellate brief. We note, however, that the administrative record provides several, perhaps conflicting, versions. The Record of Deportable Alien compiled by INS Special Agent Terence D. Wilson on September 6, 1995, states that petitioner informed him that she came to the United States to visit Mr. Schultz in Sheridan, left him and married Mr. Branson, then returned to Mr. Schultz, filing for divorce from Mr. Branson. Admin R. at 219. An affidavit signed by petitioner's attorney, dated January 6, 2000, was filed in connection with the motion to reopen. The affidavit states that both petitioner and her husband temporarily moved to Sheridan to stay "with a friend . . . in furtherance of Mr. Branson's employment as a long distance trucker" and that petitioner left her temporary residence "due to an argument with her friend." *Id.* at 103.

(continued...)

-4-

Except for this period of separation, petitioner and her husband have lived together for ten years.

Petitioner's lack of receipt of the hearing notices has no legal significance. As this court has previously stated, "[a] notice to appear is sufficient, both for due process and statutory purposes, if it is sent by regular mail to an alien's contact address of record." *Id.* at 721. The notice sent to petitioner "complied with the immigration statutes and the Constitution." *Id.* Further, there was no abuse of discretion in the denial of petitioner's motion to reopen. To be eligible, petitioner would have had to "'present substantial and probative evidence . . . demonstrating that there was improper delivery or that *nondelivery was not due to [her] failure to provide an address where [she] could receive mail.'*" *Id.* at 722 (quoting *Fuentes-Argueta v. INS*, 101 F.3d 867, 871 (2d Cir. 1996) (per curiam) (further quotation omitted, emphasis added, and alteration in original).

---

[1](...continued)
Petitioner's affidavit dated October 2, 2000, amplified this story. In it, she averred that she had been living with a "girlfriend" in Sheridan because her husband was away on a job. *Id.* at 62. She "moved out of [the] girlfriend's house . . . part[ing] [on] bad terms," so she "did not leave a forwarding address. Later [she] found out that [the girlfriend] had passed away." *Id.* at 63.

There is no need to reconcile these varying accounts. The common thread is that petitioner moved from Sheridan without fulfilling her obligation to change her address of record before the *in absentia* hearing took place.

In sum, petitioner's argument based on failure to receive notice is squarely foreclosed by Tenth Circuit authority.

Petitioner also claims that the BIA abused its discretion by declining to reopen proceedings under its *sua sponte* power. Generally, "we have no jurisdiction to consider petitioner's claim that the BIA should have exercised its *sua sponte* power to reopen [her] case." *Belay-Gebru v. INS*, 327 F.3d 998, 1000 (10th Cir. 2003); *see also Infanzon v. Ashcroft,* 386 F.3d 1359, 1361 (10th Cir. 2004). This decision "'is committed to [the BIA's] unfettered discretion,'" so that "'the very nature of the claim renders it not subject to judicial review.'" *Belay-Gebru,* 327 F.3d at 1000-01 (quoting *Luis v. INS.*, 196 F.3d 36, 40 (1st Cir. 1999)). Further, our jurisdiction to review *in absentia* orders is limited to "the issues of the validity of the notice provided to the alien, to the reasons for the alien's not attending the proceeding, and to whether or not clear, convincing, and unequivocal evidence of deportability has been established." 8 U.S.C. § 1252b(c)(4) (1996). [2] In short, this court does "not have jurisdiction to consider petitioner's claim that the BIA should have *sua sponte* reopened the proceedings." *Infanzon*, 386 F.3d at 1361.

---

[2] Because petitioner was placed in immigration proceedings in 1995, the 1996 version of § 1252b is applicable to her case. The provision has been repealed by Pub. L. 104-208, Div. C, Title III, § 308(b)(6) (Sept. 30, 1996), 110 Stat. 3009-615.

The decision of the Board of Immigration Appeals is AFFIRMED, and the petition for review is DENIED.

Entered for the Court

David M. Ebel
Circuit Judge