UNITED STATES .of America,
Plaintiff-Appellee,

v.

Jose Raul JUAREZ, Jr.,
Defendant-Appellant.

No. 76–1555.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 7, 1977.
Decided Feb. 18, 1977.

Martin H. Kinney, Merrillville, Ind., for defendant-appellant.

Fred W. Grady, Asst. U. S. Atty., Hammond, Ind., John R. Wilks, U. S. Atty., Fort Wayne, Ind., for plaintiff-appellee.

Before CUMMINGS, PELL and TONE, Circuit Judges.

TONE, Circuit Judge.

The defendant-appellant, Jose Raul Juarez, Jr., was convicted under an indictment charging in two counts distribution of heroin and in one count possession of heroin with intent to distribute. Others who were convicted with him are not before us on this appeal. The issues are whether it was improper to receive in evidence written reports which had been the subject of questioning on cross-examination and whether a search warrant was defective because the issuing magistrate had affixed his signature stamp to the document rather than actually signing it. As announced from the bench at the conclusion of the oral argument for appellant, we affirm the judgment. A complete statement of the facts is unnecessary to an explanation of the reasons for our decision.

Drug Enforcement Task Force Officer James Lawson was called as a witness by the government and testified about his transactions with the defendants. On cross-examination the attorney for a co-defendant and the attorney for Juarez questioned Lawson in detail about reports he had written about these transactions shortly after the event. They asked why certain facts were omitted from the reports, whether the reports were not inaccurate in some respects, the source of the information from which the reports were prepared, and the type of information included or deleted from the reports. During the cross-examination Lawson testified that the reports were a "generalization" and admitted that they might be "inaccurate" in certain respects.

On redirect examination the prosecutor asked Lawson questions seeking to rehabilitate his testimony on direct and then offered the reports in evidence. The court admitted them with the cautionary instruction that they were to be considered only as to the issue of credibility of Agent Lawson.

A similar sequence of events occurred with respect to the testimony of Detective Benny Toledo. Toledo was cross-examined about certain case reports, one of which was prepared by him personally. On redirect examination the government offered the reports about which Toledo had been cross-examined. They were admitted for the limited purpose of consideration with respect to the credibility of Toledo.

■ In admitting the reports, the court referred to Rule 106 of the Federal Rules of Evidence. While neither this rule nor Rule 801(d)(1)(B) of those rules is literally applicable, they deal with situations analogous to the one before us. The reports were admissible for the limited purpose for which they were admitted. They were clearly relevant and were therefore admissible under Rule 402 unless they were made inadmissible by a rule of exclusion. The only possibly applicable exclusionary rule is the hearsay rule, and since the reports were not offered to prove the truth of the facts asserted therein, they were not hearsay.

See Rule 801(c). Accordingly, whether they should have been admitted was a question to be resolved by applying the balancing test prescribed by Rule 403. The District Court did not abuse the discretion afforded it by that rule. The credibility of Lawson and later Toledo was challenged on cross-examination in an attempt to make it appear that their testimony differed from the reports prepared soon after the events in question. Whether Lawson's testimony that the reports were generalized summaries and therefore could not be expected to contain all the details was credible, and whether the reports, despite their omissions, constituted reasonably accurate summaries of the events described by the witnesses on the stand, could best be determined by a reading of the reports themselves. The witnesses' answers concerning the reports were necessarily fragmentary and might well have misled the jury as to the witnesses' credibility in the absence of an opportunity to see the reports themselves. Finally, we do not believe the defendants were prejudiced by the admission of the reports, the substance of which had already appeared not only from the testimony of the witnesses on direct examination but by implication from the cross-examination about the reports by the defendants themselves. The admission of the reports was not error, although we do not mean to encourage the admission of reports such as these, and district judges should exercise their discretion to admit them only when necessary in their judgment to remove confusion, false impressions, or other barriers to the ascertainment of truth.

■ Defendant also contends that the search warrant should be invalidated because the magistrate used a signature stamp instead of signing it personally. We do not approve the use of a signature stamp by a magistrate. Its use creates the appearance that the user lacks the sensitivity a federal judicial officer should have to the important values which the warrant is designed to protect. Nevertheless, in this case the magistrate testified unequivocally that he remembered placing the signature

stamp on the warrant, and the District Court credited this testimony. We cannot say that it was clearly erroneous for the court to have done so. We therefore do not find that it was error to refuse to declare the warrant invalid and thereby exclude the evidence seized pursuant to the warrant, despite our condemnation of the magistrate's practice.

The judgment of conviction is accordingly affirmed.

Affirmed.