**Ken BIEGELEISEN, Plaintiff–Appellant,**

v.

**Mary ROSS and Kim Albert, Defendants–Appellees.**

No. 97–6336.

United States Court of Appeals, Second Circuit.

Argued Sept. 14, 1998.

Decided Sept. 22, 1998.

Ken Biegeleisen, plaintiff pro se, New York City.

Susan D. Baird, Assistant United States Attorney, Southern District of New York (Mary Jo White, United States Attorney; Steven M. Haber, Assistant United States Attorney, of counsel), for Defendant–Appellee Mary Ross.

Robert T. Stephenson, Legal Department, Chase Manhattan Bank, New York City, for Defendant–Appellee Kim Albert.

BEFORE: CABRANES and POOLER, Circuit Judges, and TRAGER, District Judge.*

PER CURIAM.

Plaintiff Ken Biegeleisen appeals from an order and judgment of the United States District Court for the Southern District of New York (Deborah A. Batts, *Judge*) granting defendants' motions to dismiss for failure to state a claim upon which relief can be granted. In a summary order entered today, we affirm several of the holdings of the district court.

We address here plaintiff's primary argument on appeal, that the use of a signature stamp rather than an original signature on an Internal Revenue Service ("IRS") notice of levy violated his constitutional right to due process of law. *See* Brief for Appellant at 1, 9.

---

* The Honorable David G. Trager, of the United States District Court for the Eastern District of New York, sitting by designation.

Biegeleisen commenced an action in New York State Supreme Court against Mary Ross, an employee of the IRS, and Kim Albert, an employee of Chemical Bank, after the bank complied with an IRS notice of levy under 26 U.S.C. §§ 6331 and 6332 requiring the bank to turn over the money in Biegeleisen's checking account to the IRS. According to Biegeleisen's complaint, the use of a signature stamp by Mary Ross on the IRS's notice of levy rather than an original signature denied him the process due under the Constitution. On appeal, plaintiff argues that his constitutional claim should not have been dismissed.

Plaintiff does not draw to our attention any authority to support his claim that use of a signature stamp rather than an original signature on a notice of levy rendered the levy unconstitutional, and our own search has proved unavailing.[1] It appears that no statute or regulation prohibits the use of signature stamps by federal agencies generally or the IRS in particular. Our sister circuits have held in other contexts that signature stamps in lieu of original signatures on official government documents do not render the documents invalid. *See United States v. Victoria–Peguero*, 920 F.2d 77, 83 (1st Cir.1990) ("[T]he validity of the designation [by a customs officer] is not affected by the fact that the designating officer's signature was mechanically reproduced."); *United States v. Juarez*, 549 F.2d 1113, 1114–15 (7th Cir.1977) (Magistrate's signature stamp on a search warrant did not render it invalid). We now hold that an otherwise valid IRS levy based on a notice signed with a signature stamp rather than an original signature does not violate the Due Process Clause of the Fifth Amendment to the United States Constitution. Use of signature stamps by government agencies is a convenience necessary to their smooth functioning, and, absent some concrete indication of misuse or fraud, we find no reason to doubt that a duly authorized signature stamp carries the same authority as an original signature.

---

**1.** We note that an IRS levy with an original signature on the notice of levy does not violate any clearly established right to due process of law. *See Yalkut v. Gemignani*, 873 F.2d 31, 35–

Accordingly, the judgment of the district court is affirmed.

36 (2d Cir.1989); *Baddour, Inc. v. United States*, 802 F.2d 801, 807 (5th Cir.1986). *See also G.M. Leasing Corp. v. United States*, 429 U.S. 338, 351–52, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977).