PUBLISH

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 3 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAMAR BAHADUR GURUNG,

        Petitioner,

v.

JOHN ASHCROFT, United States
Attorney General,

        Respondent.

No. 03-9574

---

**ON PETITION FOR REVIEW OF A DECISION OF
THE BOARD OF IMMIGRATION APPEALS
(INS No. A96-104-175)**

---

Submitted on the briefs:

Dahmar Bahadur Gurung, pro se.

Emily Anne Radford, Assistant Director, Keith I. Bernstein, Law Clerk, Office of
Immigration Litigation, United States Department of Justice, Washington, D.C.,
for Respondent.

---

Before **EBEL, ANDERSON**, and **BRISCOE**, Circuit Judges.

---

**EBEL,** Circuit Judge.

---

An immigration judge (IJ) entered an order in absentia removing petitioner Damar Bahadur Gurung to Nepal after Mr. Gurung failed to appear at a scheduled hearing. Mr. Gurung then unsuccessfully sought to reopen his case. In this court, proceeding pro se, he seeks review of the Board of Immigration Appeals' (BIA) decision affirming the IJ's refusal to reopen the removal proceedings. We affirm. [1]

I.

Mr. Gurung entered the United States in December 2000 with authorization to remain in this country until June 2001. He overstayed his authorization period, and in October 2002 filed an application for asylum, asserting that he had been subject to past persecution in Nepal by the Maoist Terrorist group and feared future persecution. The former Immigration and Naturalization Service (INS) issued a notice to appear at a hearing before an IJ in Denver, Colorado, at 9:30 a.m. on February 6, 2003, to show why he should not be removed from the United States. R., at 65-66.[2] The notice specifically indicated that "[i]f you fail

_____

[1]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[2]    On March 1, 2003, the INS ceased to exist as an independent agency within the Department of Justice, and its functions were transferred to the newly formed Department of Homeland Security (DHS). *Yuk v. Ashcroft*, 355 F.3d 1222, 1224

(continued...)

to attend the hearing at the time and place designated . . . a removal order may be made by the immigration judge in your absence. . . ." *Id*. at 66. According to a name-stamped certificate of service maintained at the INS, the notice to appear was sent to Mr. Gurung by regular mail at the Boulder, Colorado, address he provided to the INS. *Id.* at 65-66.

Mr. Gurung failed to appear at the scheduled hearing. The IJ determined that the INS had provided Mr. Gurung written notification of the time, date, and location of the hearing. *Id.* at 26. The IJ conducted the hearing in absentia, deemed Mr. Gurung to have abandoned his application for asylum, and ordered him removed to Nepal. Mr. Gurung received a copy of the IJ's order and, in response, sent a letter asserting that he had not received notice of the hearing. The IJ construed the letter as a motion to reopen proceedings and denied it, concluding that Mr. Gurung "failed to show good cause why he was not present in Court." *Id.* at 25. The IJ found it significant that Mr. Gurung received the final notice of removal "at [the] same address that the notice of hearing was sent to." *Id.* A copy of this decision was mailed to Mr. Gurung at the same address used earlier in the proceedings, and Mr. Gurung timely appealed the IJ's ruling.

_____

[2](...continued)
n.3 (10th Cir. 2004). Mr. Gurung's hearing took place before the transfer date, but the BIA's decision was issued after the date. For purposes of consistency, this opinion refers to the INS rather than the DHS.

On appeal to the BIA, Mr. Gurung, represented by counsel, primarily argued that proof of mailing was insufficient because the certificate of service was name-stamped, not hand-signed. *Id.* at 4-6. The BIA affirmed the denial of the motion to reopen. It rejected the name-stamp argument, and "[i]n the absence of any rebuttal evidence, . . . presume[d] that the serving official mailed notice of the hearing . . . , and that Postal Service employees completed delivery to him at the same address at which he received notice of the Immigration Judge's *in absentia* decision." *Id.* at 3.

This petition for review followed. Mr. Gurung argues that he cannot be fairly charged with receiving process because he never received the notice of hearing. He also claims that the use of a name stamp on the certificate of service rendered the notice ineffective.

## II.

"We have jurisdiction to review the BIA's decision under 8 U.S.C. §§ 1252 and 1229a(b)(5)(D)." *Tang v. Ashcroft*, 354 F.3d 1192, 1194 (10th Cir. 2003). "'[W]e review the BIA's decision on a motion to reopen [only] for an abuse of discretion. The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements.'" *Id.* (quoting *Mickeviciute v. INS*, 327 F.3d 1159, 1162 (10th Cir. 2003)).

-4-

A.    In absentia removal proceedings

"It is well-settled that if 'an alien is provided proper written notice of a removal hearing and fails to attend, the immigration judge is required to enter an in absentia order of removal.'" *Valencia-Fragoso v. INS*, 321 F.3d 1204, 1206 (9th Cir. 2003) (quoting *Salta v. INS*, 314 F.3d 1076, 1078 (9th Cir. 2002)); 8 U.S.C. § 1229a(b)(5)(A).  For purposes of in absentia proceedings, notice is adequate if provided at the alien's contact address, with the requisite information about the nature of proceedings, the charges against the alien, the right to be represented by counsel,  the time and place of the proceedings, and the consequences of a failure to appear.  § 1229(a)(1), (2).  No notice is necessary if the alien fails to provide an updated, written record of the address at which he may be contacted about removal proceedings.  §§ 1229a(b)(5)(B), 1229(a)(1)(F). "Service by mail" is "sufficient if there is proof of attempted delivery to the last address provided by the alien." § 1229(c).[3]  In sum, the INS does not have to prove actual receipt of notice before holding an in absentia proceeding.

Further, notice that meets statutory requirements also fulfills the due-process protections accorded to aliens in exclusion proceedings.  Notice of

---

[3]    Prior to the implementation of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), the notice of hearing had to be sent by certified, return receipt mail.    *See* 8 U.S.C. § 1252b(a)(2)(A) (1996). Under IIRIRA, notice may now be sent by regular mail.  8 U.S.C. § 1229(a)(1).

a proceeding satisfies due process if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co* ., 339 U.S. 306, 314 (1950).

In an immigration setting, due process requires only that service must be "conducted in a manner reasonably calculated to ensure that notice reaches the alien." *Farhoud v. INS,* 122 F.3d 794, 796 (9th Cir. 1997) (quotation omitted); *see also Anin v. Reno* , 188 F.3d 1273, 1277-78 (11th Cir. 1999). Notice of an exclusion hearing sent by regular mail to the last address provided by the alien satisfies the requirements of constitutional due process. *See Dominguez v. United States Attorney Gen.* , 284 F.3d 1258, 1259-60 (11th Cir. 2002) (holding that an alien's due process rights were not violated when the INS sent a notice of a removal hearing by regular mail to an address that the alien had provided several years earlier); *Fuentes-Argueta v. INS* , 101 F.3d 867, 872 (2d Cir. 1996) (per curiam) (finding no per se due process violation where notice of deportation proceedings was returned unclaimed); *United States v. Estrada-Trochez* , 66 F.3d 733, 735-36 & n.1 (5th Cir. 1995) (due process satisfied where notice of deportation hearing, sent to alien by first-class mail, was returned because alien had moved without providing forwarding address).

A notice to appear is sufficient, both for due process and statutory purposes, if it is sent by regular mail to an alien's contact address of record. Such a procedure is consistent with the statute and is reasonably calculated to provide notice. Here, the INS sent Mr. Gurung notice in a form and manner that complied with the immigration statutes and the Constitution.

B.     Motion to reopen

Even if notice to the alien is constitutionally and statutorily sufficient, the statutory framework provides for rescission of an in absentia removal order "upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice." 8 U.S.C. § 1229a(b)(5)(C)(ii). Considerations on a motion to reopen differ from those relevant to the holding of an in absentia hearing. A motion to reopen focuses on whether the alien actually received notice, rather than on whether the INS sent sufficient notice to the proper address. The Supreme Court has stated, however, that motions to reopen are particularly disfavored in immigration matters where, "as a general matter, every delay works to the advantage of the [removable] alien who wishes merely to remain in the United States." *INS v. Doherty*, 502 U.S. 314, 323 (1992).

The burden of demonstrating the claimed lack of notice is on the alien. § 1229a(b)(5)(C)(ii). The burden is not a light one, because the alien must

overcome the presumption of due receipt raised by the evidence of mailing presented at the in absentia hearing. *See Moya v. United States*, 35 F.3d 501, 504 (10th Cir. 1994) (stating that the "law presumes delivery of a properly addressed piece of mail"). To rebut the presumption, the alien must support a motion to reopen with affidavits or other evidentiary materials. 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 208.2(c)(3)(ii)(A).

A petitioner who fails to submit documentary evidence in support of his motion to reopen, and instead merely alleges that he had not received proper notice, does not "demonstrate lack of notice, as the statute requires." *Giday v. INS,* 113 F.3d 230, 233 (D.C. Cir. 1997) (quotation omitted). A petitioner must present "substantial and probative evidence . . . demonstrating that there was improper delivery or that nondelivery was not due to the respondent's failure to provide an address where he could receive mail.'" *Fuentes-Argueta*, 101 F.3d at 871 (per curiam) (quoting *In re Grijalva*, I. & N. Dec. 27, 37 (B.I.A. 1995)). Although both *Giday* and *Fuentes-Argueta* involved certified mail, the principles they espouse regarding the alien's burden to refute the presumption of notice apply also to notice by regular mail, which similarly carries a presumption of receipt upon a showing that the notice was properly mailed to the authorized address.

Here, Mr. Gurung has failed to show an abuse of discretion in the denial of his motion to reopen. First, his mere conclusory statement that he did not receive notice is insufficient to carry his burden of proof, in light of the presumption to the contrary. Second, his statement is not in proper affidavit form for receipt as evidence and is not sufficiently detailed to provide a reasoned explanation why he did not receive notice mailed to the address he provided.

Furthermore, the IJ and BIA observed that Mr. Gurung did receive a subsequent notice mailed to the same address, and that his motion was apparently mailed from that address. This evidence provides further support for the conclusion that he did receive sufficient notice mailed to his contact address of record. The BIA's order provided a rational explanation supported by the evidence and presumptions in the record. Therefore, we are precluded from finding that the BIA abused its discretion in denying the motion to reopen.

III.

Petitioner also contends that the notice of hearing was ineffective because the certificate of service showed a name stamp, rather than a handwritten signature. This issue stems from an argument raised by counsel in the appeal brief to the BIA. Counsel asserted that, in the absence of specific authorization, a stamp may not be used in place of a signature. For this proposition, counsel relied on *In re Chaplain Services, Inc.*, 21 I. & N. Dec. 578 (B.I.A. 1996),

an administrative decision denying an attorney's request for recognition as a representative. In that case, the INS disapproved of the attorney's admitted practice of allowing her name to be stamped on a G-28 (a notice for entry of appearance) without seeing or interviewing the applicant. *Id.* at 579. Counsel's BIA brief in this case also seeks support in *Newton v. Buckley*, No. 96-4202, 1997 WL 642085 (10th Cir. Oct. 17, 1997). That unpublished case held simply that a Utah state court clerk could not be held liable for failing to follow proper procedures in stamping a criminal information with the judge's signature. *Id.* at **4.

Neither of the cited cases supports petitioner's claim that a stamped certificate of service of a notice of hearing is invalid. Petitioner's argument parallels that of the plaintiff in *Biegeleisen v. Ross,* 158 F.3d 59 (2d Cir. 1998). There, the plaintiff asserted that "the use of a signature stamp rather than an original signature on an IRS notice of levy violated his constitutional right to due process of law." *Id.* at 59-60. The Second Circuit observed that other circuits "have held in other contexts that signature stamps in lieu of original signatures on official government documents do not render the documents invalid." *Id.* (citing *United States v. Victoria-Peguero*, 920 F.2d 77, 83 (1st Cir. 1990) (customs document); *United States v. Juarez*, 549 F.2d 1113, 1114-15 (7th Cir. 1977) (magistrate's signature stamp on a search warrant)). The court held

-10-

that "no statute or regulation prohibits the use of signature stamps by federal agencies generally." *Id.*; *see also United States v. Daccarett*, 6 F.3d 37, 52-53 (2d Cir. 1993) (finding no error in concluding that a "rubber-stamped signature" did not render a DEA subpoena invalid). Petitioner has provided no reason for this court to view the issue differently. Petitioner's argument against the use of a signature stamp is unavailing.

IV.

For the foregoing reasons, we conclude that the BIA did not abuse its discretion in denying Mr. Gurung's motion to reopen and therefore we AFFIRM. Petitioner's motion for leave to appeal in forma pauperis is GRANTED.