**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 2, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MAMADY SYLLA,

      Petitioner,

      v.

ALBERTO R. GONZALES, United
States Attorney General,[*]

      Respondent.

No. 02-9554 and 03-9564

(Bd. of Immigration Appeals)

(B.I.A. No. A74 095 006)

**ORDER AND JUDGMENT**[**]

Before **BRISCOE**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Petitioner Mamady Sylla challenges the denial of his motion to reopen by the

Board of Immigration Appeals (BIA). Finding no abuse of discretion, we affirm.

---

[*]     On February 4, 2005, Alberto R. Gonzales became the United States
Attorney General. In accordance with Rule 43(c)(2) of the Federal Rules of Appellate
Procedure, Mr. Gonzales is substituted for John Ashcroft as a Respondent in this action.

[**]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

## I.      BACKGROUND

Mr. Sylla is a citizen and native of Guinea.  He conceded removability in his deportation proceedings on April 8, 1997, after the Immigration and Naturalization Service (INS)[1] charged him with violating the terms of his student visa.  He then filed a petition requesting asylum, restriction on removal,[2] or voluntary departure.  He based his asylum and restriction-on-removal claims on his account of having been beaten, branded with a hot iron, and imprisoned for his participation in a political rally in Guinea.

The immigration judge (IJ) conducted a hearing at which Mr. Sylla testified about the events surrounding his allegations of past persecution and his fear of future persecution if returned to Guinea, but the transcript of the hearing reflects that there were significant problems with the translation.  The IJ even advised Mr. Sylla's counsel that he

---

[1]On March 1, 2003 the INS ceased to exist, and its responsibilities were divided among three distinct agencies formed within the new Department of Homeland Security. See Homeland Security Act of 2002, Pub.L. No. 107-296, §§ 441, 451, 116 Stat. 2135 (November 25, 2002).  Because the actions Mr. Sylla challenges in this appeal were taken prior to this reorganization, however, in this opinion we will refer to the relevant government agency as the INS.

[2]Restriction on removal was referred to as "withholding of removal" before amendments to the INA made by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub.L. No. 104-208, 110 Stat. 3009.  Although both parties and the IJ refer to withholding of removal, for the sake of accuracy, and because this claim was filed after IIRIRA's effective date, we will use the term "restriction on removal" throughout this opinion. *See Wiransane v. Ashcroft*, 366 F.3d 889, 893 n.1 (10th Cir. 2004).

could request a continuance until a proper translator could be obtained, but counsel did not accept this invitation.

The IJ granted Mr. Sylla's application for voluntary departure, but denied his asylum and restriction-on-removal applications because he found that "[Mr. Sylla's] unwillingness to return d[id] not stem from persecution he may face on account of any of the five enumerated grounds necessary to grant political asylum," R. at 184, and because "[his] testimony was not sufficiently detailed, consistent or believable to provide a plausible and coherent account of the basis to support his fears," *id.* at 185.

Represented by new counsel, Mr. Sylla appealed the IJ's denial of his asylum petition. The BIA affirmed the decision without opinion. While Mr. Sylla's direct appeal was pending, he filed with the BIA a motion to reopen alleging new evidence of changed country conditions and claiming his original counsel was ineffective for failing to challenge the interpreter's performance in his asylum hearing and failing to raise Mr. Sylla's tribal membership as part of his asylum claim. The BIA denied his motion to reopen. Mr. Sylla appeals this denial. We exercise jurisdiction under 8 U.S.C. § 1252. *See Infazon v. Aschcroft*, 386 F.3d 1359, 1361-62 (10th Cir. 2004) (a motion to reopen is the functional equivalent of a final removal order, so jurisdiction to review it exists when there is jurisdiction over the underlying order); *Gurung v. Ashcroft*, 371 F.3d 718, 720 (10th Cir. 2004). We affirm.

## II.    DISCUSSION

### A.    Mr. Sylla's Claims

Mr. Sylla filed two appeals to this court. The first, docket number 02-9554, appealed the BIA's original summary affirmance of the denial of his asylum and restriction-on-removal applications. The second, docket number 03-9564, appealed the BIA's denial of his motion to reopen. Although we consolidated the appeals, his sole opening brief provides only the docket number of his appeal of the motion to reopen and the only issues it raises relate to the denial of his motion to reopen. The opening brief specifies the following as the issues presented:

> A.    Do the rights a noncitizen possesses in immigration proceedings include a right to effective counsel?
>
> B.    Where Petitioner sought to reopen his asylum claim in order to present readily available evidence which had not been submitted previously due to ineffective assistance of counsel, did the Board's denial of his motion to reopen for failure to raise the issue on direct appeal violate his due process rights?

Aplt. Br. at 7. Respondent's answer brief, which provides the docket number for both appeals, addresses the IJ's underlying decision denying Mr. Sylla's petitions for asylum and restriction on removal, but Mr. Sylla's reply brief does not respond to Respondent's invitation to contest the merits of the asylum determination. His reply brief explains:

> Mr. Sylla chose to exercise both options: (1) seeking judicial review on the merits of his claim under the record, as established; and/or (2) using the motion to reopen to provide evidence which should have been introduced at the original hearing. . . . [Mr. Sylla] recognized that his chances of success in a Circuit Court Petition for Review were similarly meager to

litigate the Affirmance Without Opinion [the BIA's affirmance of the asylum denial] and accepted the advice of undersigned counsel to use his one motion to reopen in order to build a better record.

Reply Br. at 2-3. And the issues he identifies in his reply brief are only:

> I. May an applicant for asylum assert a claim of ineffective assistance of counsel in a motion to reopen under 8 C.F.R. § 3.2(c)(1) when the evidence of an applicant for asylum assert a claim of ineffective assistance [*sic*] of counsel's ineffectiveness was available to the applicant at the time he filed his initial appeal of the denial of asylum with the Board of Immigration Appeals ('the Board')?

> II. How does the decision of the Board in In re: N-K-, Int. Dec. 3312, 1997 WL 123906 (BIA Mar. 13, 1997) bear on this question?

> III. Does incompetent interpretation in an asylum hearing violate due process?

*Id.* at 1.

Thus, we address only the issues Mr. Sylla has presented to us on appeal: those contesting the denial of his motion to reopen.

## B. Motion to Reopen

"[W]e review the BIA's decision on a motion to reopen only for an abuse of discretion. The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Infanzon,* 386 F.3d at 1362 (internal quotation marks and brackets omitted).

The BIA denied Mr. Sylla's petition for a motion to reopen because (1) counsel had not demonstrated any prejudice arising from "interpreter error or other ineffective

-5-

representation which would have affected the outcome of the[] proceedings," R. at 2, and (2) the documents submitted in support of Mr. Sylla's allegations of changed conditions in Guinea did not "adequately support a finding that rank and file members of [his asserted political party were] at significantly greater risk than when his claim was adjudicated," *id*.

In Mr. Sylla's motion to reopen, he attached the transcript displaying the translation difficulties; but he did not explain how he was, or even might have been, prejudiced by any errors. For example, on no occasion did he point to a material finding by the IJ and explain how that finding might have been affected by a mistranslation. As Respondent pointed out in his brief in opposition to Mr. Sylla's motion to reopen:

> [Mr. Sylla] fails to state how the translation by the French interpreter prejudiced [his] case. In fact, [Mr. Sylla's] testimony in no manner was interrupted but just clarified upon his counsel's request, Mr. Stipanovic, who is fluent in French. The Immigration Judge states in his decision as follows:
>
> JUDGE: The Court would indicate that the Court allowed throughout the hearing the respondent to either repeat the answer or counsel to repeat the questions that were posed to him, and allow the French interpreter to re-examine what he was stating. . . . Mr. Stipanovic has indicated that basically the interpretation has been correct. There's been some misunderstanding, but that's been corrected.
> Q. Is that correct Mr. Stipanovic?
> A. Yes, Your Honor.
> JUDGE FOR THE RECORD:
>     Therefore, the Court feels that the Court has in fact been able to assess the situation in this particular case and will go forward with the oral decision of the Court at this time.

Service's Brief in Opposition to Respondent's Motion to Reopen and Emergency Stay of Deportation, R. at 4-5 (quoting Asylum Hr'g Tr., R. at 226-227).

On appeal to this court, Mr. Sylla contests the BIA's finding that the ineffective-assistance-of counsel claim should have been raised on direct appeal because he was represented then by new counsel. But the BIA did not rest its decision on this ground; rather, it found no prejudice arising from either the interpreter errors or attorney incompetence. Because Mr. Sylla failed to identify how counsel or a competent interpreter could have favorably affected the outcome of his proceedings, the BIA did not abuse its discretion in denying the motion to reopen on these grounds. Mr. Sylla does not contest the BIA's decision that his claim of significantly changed country conditions was not substantiated by record evidence, so we do not address it.

We AFFIRM the decision of the BIA denying Mr. Sylla's motion to reopen. Because the denial of his asylum petition has not been challenged on appeal, we also AFFIRM that denial and the order of removal.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge