FILED
United States Court of Appeals
Tenth Circuit

February 26, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

HUGO LEONARDO MARTINEZ,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 13-9576
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **McKAY**, and **ANDERSON**, Circuit Judges.

Hugo Leonardo Martinez, a native and citizen of Mexico, seeks review of an

order by the Board of Immigration Appeals (BIA) dismissing his appeal from a

decision by the Immigration Judge (IJ) denying his motion to reopen his removal

proceedings. Exercising jurisdiction pursuant to 8 U.S.C. § 1252, we deny the

petition for review.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.  Background

Mr. Martinez entered the United States illegally in 1992 at the age of fourteen. He married a United States citizen in 1997 and filed an application for adjustment of status based on the marriage.  His wife also filed a Petition for Alien Relative in conjunction with his application to adjust his status.  The government denied both applications and initiated removal proceedings.

The government mailed Mr. Martinez a Notice to Appear (NTA) together with a notice that his application to adjust his status had been denied.  The NTA and denial notice were sent by certified mail to his address on file, and the return receipt was signed by his wife.  The immigration court also mailed Mr. Martinez a notice of hearing (NOH) to that same address by regular mail.

Mr. Martinez failed to appear at the hearing and the IJ ordered him removed in absentia based on information contained in the NTA and his application for adjustment of status.  Mr. Martinez was arrested and removed from the United States in August of 1999.  He illegally re-entered the country in February of 2000.

On July 25, 2012, almost thirteen years after his removal, Mr. Martinez submitted a motion to reopen his removal proceedings, alleging that he had not received the NTA or the NOH.  An IJ denied the motion, and the BIA dismissed the appeal from the IJ's decision.  Mr. Martinez now petitions for review of the BIA's decision.

II. Discussion

This court reviews for abuse of discretion the BIA's denial of a motion to reopen. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* (internal quotation marks omitted).

In denying the motion to reopen, the IJ first concluded that Mr. Martinez could be charged with properly receiving the NTA because it was sent by certified mail to an address where he admitted he was living, and his wife signed the return receipt. The IJ then explained that the NOH was sent by regular mail to the same address as the NTA, which was the address Mr. Martinez had provided to immigration officials. The IJ further explained that the NOH was not returned as undeliverable. The IJ determined that these circumstances gave rise to a presumption of receipt, and that Mr. Martinez had failed to overcome this presumption.

On appeal to the BIA, Mr. Martinez did not challenge the IJ's conclusion that he could be properly charged with receiving the NTA; he focused solely on his claim that he had not received the NOH. The BIA agreed with the IJ that Mr. Martinez was afforded proper notice of his hearing and that he failed to rebut the presumption of delivery.

In his brief before this court, Mr. Martinez argues that the BIA abused its discretion in denying his motion to reopen. He contends that the BIA did not

consider the totality of the evidence in concluding that he had failed to rebut the presumption of delivery of the NOH.

The BIA has recognized "that a letter properly addressed, stamped, and mailed is presumed to have been duly delivered to the addressee." *Matter of M-R-A-*, 24 I. & N. Dec. 665, 671 (BIA 2008) (internal quotation marks omitted). The presumption of delivery by regular mail, however, is "weaker" than the presumption of delivery by certified mail. *Id.* at 673. To determine whether the presumption of regular mail delivery has been rebutted, the agency may consider a variety of factors. *See id.* at 674 (identifying non-exhaustive list of seven factors). But "[t]he burden of demonstrating the claimed lack of notice is on the alien." *Gurung v. Ashcroft*, 371 F.3d 718, 722 (10th Cir. 2004).

Here, the BIA expressly considered two of the factors: the alien's due diligence in seeking to remedy the situation once he learned of the in absentia order, and the alien's incentive to appear because of a previously filed affirmative application for relief. The BIA concluded that Mr. Martinez had not shown due diligence in seeking to have his removal proceedings reopened because he waited thirteen years to file his motion to reopen after being removed. And the BIA further determined that Mr. Martinez did not have an incentive to appear at the hearing because his application to adjust his status had been denied four months earlier. The BIA also considered probative the IJ's finding that Mr. Martinez had falsely stated in his affidavit attached to his motion to reopen that he had never received an

- 4 -

appointment notice for his application to adjust his status. Given all of these circumstances, the BIA agreed with the IJ that Mr. Martinez had not rebutted the presumption of delivery of the NOH.

In his brief on appeal, Mr. Martinez concedes that he made an "incorrect" statement that he had not received the appointment notice related to his application for adjustment of status. Pet'r Br. at 23. But he claims that this is the only inconsistency that the agency could point to in his affidavit. He then asserts that the agency did not consider all of the facts of record, but he does not point to any relevant facts that the agency failed to consider. Instead, he seeks to recast the evidence in a light more favorable to his position. Although Mr. Martinez disagrees with the BIA's determination that he failed to rebut the presumption of delivery of the NOH, the BIA's decision provided a rational explanation supported by the evidence in the record. Mr. Martinez has failed to demonstrate that the BIA abused its discretion in denying his motion to reopen. Accordingly, we deny the petition for review.

Entered for the Court

Monroe G. McKay
Circuit Judge

- 5 -