FILED
United States Court of Appeals
Tenth Circuit

September 24, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

HARDEV SINGH,

    Petitioner,

v.

WILLIAM P. BARR, United States
Attorney General,

    Respondent.

No. 18-9557
(Petition for Review)

_____

**ORDER AND JUDGMENT***
_____

Before **TYMKOVICH**, Chief Judge, **BALDOCK** and **HARTZ**, Circuit Judges.
_____

Hardev Singh petitions for review of a Board of Immigration Appeals (BIA)

order denying his motion to reopen removal proceedings and also challenges the

BIA's refusal to exercise its *sua sponte* authority to reopen the proceedings. We

deny the petition for review and do not address the BIA's decision not to reopen the

proceedings *sua sponte* because we lack jurisdiction to do so.

---

   * After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

# BACKGROUND

Singh, a native and citizen of India, entered the United States in September 2016, without being admitted or paroled. He was taken into immigration custody and placed in removal proceedings. On October 12, 2016, Singh was personally served with a Notice to Appear (NTA), which ordered him to appear before an IJ for a hearing at a date and time to be determined. Among other things, the NTA warned Singh that the failure to keep the immigration court and Department of Homeland Security (DHS) apprised of his address could result in him being removed *in absentia*:

> **Failure to appear:** You are required to provide the DHS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the [DHS] immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

Admin. R. at 149.

In early November 2016, Singh was released from immigration custody on a $3,500 bond. At the detention hearing, Singh gave his address as 2773 Corinth Place, Beavercreek, Ohio 45434. Singh also acknowledged his obligation to inform the immigration court of his current address.

On or about December 14, 2016, the immigration court mailed a notice of a removal hearing set for January 27, 2017, to Singh at the Beavercreek, Ohio address. The notice was returned with a handwritten notation that no one with that name lived at that address. When Singh failed to appear, the IJ conducted the hearing *in absentia* under 8 U.S.C. § 1229a(b)(5)(A) and found—based on evidence submitted by DHS—that notice was sent to Singh at the address he provided when he was released from custody, and further that he was removable as charged.

Nearly a year later—in early December 2017—Singh moved to reopen his immigration proceedings and rescind the *in absentia* removal order. He explained that the notice was returned as undeliverable because he mistakenly gave Beavercreek, Ohio as his address when the correct address was in Dayton; however, Singh's motion also revealed that after his release from custody, he lived at the Ohio address for only three days before moving to New York and then California. The IJ denied Singh's motion and the BIA dismissed his appeal. Relevant here, the BIA found that Singh "does not meaningfully argue that following his move, he continued to receive mail at the [Ohio] address listed on the hearing notice," and more to the point, Singh "does not claim, and there is no evidence in the record, that he notified the Immigration Court of his move." Admin. R. at 3.

ANALYSIS

"We review the BIA's decision on a motion to reopen only for an abuse of discretion. The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Gurung v. Ashcroft*, 371 F.3d 718, 720 (10th Cir. 2004) (brackets and internal quotation marks omitted).

Singh cannot prevail on a motion to reopen without "substantial and probative evidence demonstrating that there was improper delivery or that nondelivery was not due to the respondent's failure to provide an address where he could receive mail." *Id*. at 722 (ellipses and internal quotation marks omitted). *See also* § 1229a(b)(5)(B) (No written notice is required where alien fails to provide address information); *Matter of M-R-A-*, 24 I. & N. Dec. 665, 675 (BIA 2008) ("Once a respondent has received a Notice to Appear . . . [he] cannot evade delivery of a properly sent Notice of Hearing by relocating without providing the required change of address and then request reopening of in absentia proceedings on the basis of a claim that he did not receive notice."). Singh presented no evidence that the notice was sent somewhere other than the address he gave the immigration court, or that he provided the court with his updated addresses in New York or California. As such, the BIA did not abuse its discretion in denying Singh's motion to reopen.

Last, we lack jurisdiction to consider Singh's argument that the BIA should have exercised its *sua sponte* authority to reopen his removal proceedings. *See Infanzon v. Ashcroft*, 386 F.3d 1359, 1361 (10th Cir. 2004) ("[W]e do not have

4

jurisdiction to consider petitioner's claim that the BIA should have sua sponte reopened the proceedings . . . because there are no standards by which to judge the agency's exercise of discretion.").

The petition for review is denied.

Entered for the Court

Bobby R. Baldock
Circuit Judge

5