**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 20, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

HARDEV SINGH,

    Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,

    Respondent.

No. 23-9596
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **HARTZ**, and **ROSSMAN**, Circuit Judges.
_____

Hardev Singh petitions for review of an order of the Board of Immigration

Appeals (BIA or Board) denying his motion to reopen his removal proceedings.  We

dismiss the petition in part for lack of jurisdiction and, exercising jurisdiction under

8 U.S.C. § 1252(a)(1), deny the remainder of the petition.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.     BACKGROUND

Mr. Singh is a native and citizen of India.  When he did not appear for a hearing before an Immigration Judge (IJ) in January 2017, the IJ ordered him removed to India in absentia.

In December 2017 Mr. Singh filed a motion to reopen removal proceedings so he could seek asylum.  He contended that he did not appear at the hearing because he never received notice of it and that the Immigration Court knew of this because the notice it had sent and a prior mailing were returned to it with a handwritten notation that no Mr. Singh lived at the mailing address.  He also asked the IJ to reopen the case sua sponte.

The IJ denied the motion, finding, among other things, that Mr. Singh had changed his address without notifying the Immigration Court of his move.  The IJ also declined to reopen the proceedings sua sponte.  The BIA dismissed his appeal. This court denied Mr. Singh's petition for review.  *See Singh v. Barr*, 777 F. App'x 949, 950 (10th Cir. 2019).

In 2022, Mr. Singh filed a motion to reopen with the BIA and an application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture.  The BIA denied the motion as untimely.  Although Mr. Singh argued that changed country conditions in India excused the untimeliness of his motion, the BIA found (1) that most of the reports he included with the motion were not new or previously unavailable and (2) that the only new report was the U.S. Department of State's *India 2020 Human Rights Report* (2020 Report).  According to

2

Mr. Singh, the 2020 Report "show[ed] [an] increase in the human rights violations in India." R. at 87. The BIA rejected this argument, explaining that "[a] general claim of an increase in human rights violations, without more, is insufficient to establish a material change in country conditions" or "prima facie eligib[ility] for asylum and related relief." R. at 4 (internal quotation marks omitted). The BIA also found that affidavits "from [Mr. Singh's] family members in India describing the threats received and harm endured in October and November 2021 reflect only a change in personal circumstances, not changed country conditions in India." *Id.* Finally, the BIA found that Mr. Singh's explanation of why he did not attend his immigration hearing did not amount to exceptional circumstances warranting the BIA's exercise of its sua sponte authority to reopen.

## II.    STANDARD OF REVIEW

"We review the BIA's decision on a motion to reopen only for an abuse of discretion. The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Gurung v. Ashcroft*, 371 F.3d 718, 720 (10th Cir. 2004) (brackets and internal quotation marks omitted). The BIA also abuses its discretion by "committing a legal error or making a factual finding that is not supported by substantial record evidence." *Qiu v. Sessions*, 870 F.3d 1200, 1202 (10th Cir. 2017) (brackets and internal quotation marks omitted). Because Mr. Singh represents himself, we afford his filings a liberal

3

construction, but we may not act as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## III.   DISCUSSION

Under 8 U.S.C. § 1229a(c)(7)(C)(ii), a motion to reopen to apply for asylum or withholding of removal based on proof of changed country conditions is not barred by the time restriction on filing motions to reopen if "such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." The BIA did not abuse its discretion in determining Mr. Singh had failed to present any new material evidence of changed country conditions.

Mr. Singh argues that the affidavits from his family showed country conditions in India have changed. The affidavits state that the police and workers from two political parties, Bharatiya Janata Party and Shiromani Akali Dal Badal, harassed and beat Mr. Singh's wife and father in an effort to locate Mr. Singh. But Mr. Singh seeks asylum based on his political opinion—membership in and a worker for the Indian National Congress party—and the affidavits do not show that his family members were mistreated because of *their* political opinions, which apparently align with Mr. Singh's, *see* R. at 109 (stating "[m]y family has always supported the Indian National Congress party"). At most, then, the affidavits show only a change in Mr. Singh's personal circumstances, not changed country conditions regarding persecution of supporters of the Indian National Congress Party. And "changed personal circumstances cannot support an untimely motion to reopen after a final order of removal." *Wei v. Mukasey*, 545 F.3d 1248, 1249 (10th Cir. 2008). A

petitioner must show "that the persecution of *others in his protected category* has substantially worsened." *Qiu*, 870 F.3d at 1204 (emphasis added).

Mr. Singh also points to the other documentary evidence he submitted, claiming it shows changed country conditions. But when he filed his first motion to reopen in 2017, only the 2020 Report was unavailable. As for that report, Mr. Singh's entire argument is that it "show[s] [an] increase in the human rights violations in India." Pet'r's Br. at 7. As we explain, this conclusory, one-sentence argument is inadequate to invoke appellate review.

To determine whether new evidence demonstrates a material change in country conditions that justifies reopening, the BIA compares the evidence submitted regarding conditions at the time of the motion to reopen with the evidence of conditions at the time of the applicant's hearing, assessing the evidence in the context of the movant's likelihood of being persecuted in the country of removal. *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007). But Mr. Singh does not compare the country conditions described in the 2020 Report with any prior country conditions. Nor does he point to any part of the 2020 Report showing a significant increase in persecution of supporters of the Indian National Congress Party. *See Qiu*, 870 F.3d at 1204 ("a significant increase in the level of persecution constitutes a material change in country conditions" under § 1229a(c)(7)(C)). Instead, he provides only the one conclusory sentence mentioned above. Because he has failed to support his conclusory argument with any citations to the record evidence, he has waived appellate review based on the 2020 Report. *See Garrett*, 425 F.3d at 840–41

5

(concluding that appellant waived review where "his statement in support of each issue consist[ed] of mere conclusory allegations with no citations to the record or any legal authority for support"); *United States v. Barrett*, 797 F.3d 1207, 1219 (10th Cir. 2015) (one-sentence argument insufficient to preserve issue for appellate review).

Mr. Singh further contends the BIA erred in declining to reopen his removal proceedings sua sponte based on exceptional circumstances, namely, that he never received notice of his 2016 hearing before the IJ. The BIA may "reopen proceedings sua sponte in exceptional situations." *In re J-J-*, 21 I. & N. Dec. 976, 984 (B.I.A. 1997). But we generally lack jurisdiction to review the BIA's decision not to exercise its authority to sua sponte reopen removal proceedings "because there are no standards by which to judge the agency's exercise of discretion." *Reyes-Vargas v. Barr*, 958 F.3d 1295, 1300 (10th Cir. 2020) (internal quotation marks omitted). Although we have recognized a narrow exception to the general rule where the BIA relied "on an incorrect legal premise" or "misperceived the legal background," *id.* (internal quotation marks omitted), Mr. Singh has not argued for this exception, nor do we see any erroneous reliance on a legal premise or misperception of the legal background in the BIA's refusal to reopen sua sponte. We therefore dismiss this aspect of the petition for lack of jurisdiction.

Finally, Mr. Singh argues the IJ and the BIA violated his due-process rights because he was never able to pursue his asylum claim or present his case. We are not persuaded. "[B]ecause aliens do not have a constitutional right to enter or remain in the United States, the only protections afforded [them] are the minimal procedural

due process rights for an opportunity to be heard at a meaningful time and in a meaningful manner." *Igiebor v. Barr*, 981 F.3d 1123, 1134 (10th Cir. 2020) (internal quotation marks omitted). Mr. Singh had such an opportunity for a hearing before the IJ in 2016, but he failed to appear then, and we have already upheld the BIA's ruling regarding that failure when he raised it in his first motion to reopen, *see Singh*, 777 F. App'x at 951. In his second motion to reopen Mr. Singh had another opportunity to meet the requirements for a motion based on changed country conditions and apply for relief from removal; but as we have discussed, the BIA did not abuse its discretion in denying that motion. Mr. Singh has had multiple opportunities "to be heard at a meaningful time and in a meaningful manner." *Igiebor*, 981 F.3d at 1134.

## IV.    CONCLUSION

We dismiss the petition for review in part for lack of jurisdiction and deny the remainder of the petition.

Entered for the Court


Harris L Hartz
Circuit Judge

7