# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

NIKHOMSY THONGPHILACK,

     Petitioner,

v.

ALBERTO R. GONZALES,
Attorney General,

     Respondent.

No. 06-9575

## ORDER
Filed November 6, 2007

Before **TACHA**, Chief Judge, **MURPHY** and **HOLMES**, Circuit Judges.

     Respondent's motion to publish the Order and Judgment filed on September 11, 2007, is granted. The published opinion, filed nunc pro tunc to September 11, 2007, is attached.

Entered for the Court

*Elisabeth A. Shumaker*

Elisabeth A. Shumaker, Clerk

FILED
United States Court of Appeals
Tenth Circuit

September 11, 2007

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

NIKHOMSY THONGPHILACK,

Petitioner,

v.

ALBERTO R. GONZALES,
Attorney General,

Respondent.

No. 06-9575

---

**PETITION FOR REVIEW FROM THE BOARD OF
IMMIGRATION APPEALS
(No. A25-066-647)**

---

Submitted on the briefs:[*]

Edward L. Carter, Orem, Utah, for Petitioner.

Mark C. Walters, Assistant Director, Stephen J. Flynn, Senior Litigation Counsel, Dalin R. Holyoak, Attorney, Office of Immigration Litigation, United States Department of Justice, Civil Division, Washington, D.C., for Respondent.

---

Before **TACHA**, Chief Judge, **MURPHY** and **HOLMES**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**MURPHY**, Circuit Judge.

_____

Petitioner Nikhomsy Thongphilack seeks review of a Board of Immigration Appeals (BIA) order denying his motion to reopen removal proceedings. Mr. Thongphilack did not appear for his removal hearing, so an immigration judge (IJ) conducted the hearing *in absentia* and ordered him removed to Laos. We deny review.

*Background*

We provide only those facts pertinent to the issues under review. After removal proceedings were initiated against Mr. Thongphilack, the IJ held an advisement hearing on March 3, 2005. During the hearing, the IJ noticed that Mr. Thongphilack had a change-of-address form. The IJ told him to complete the form and submit it to the immigration court, noting that the law required him to inform the court of his new address within five days of any address change.[1] The IJ then orally informed Mr. Thongphilack that his removal hearing was scheduled for July 14, 2005. The agency sent a written notice of the hearing to Mr. Thongphilack at his address on file in West Valley City, Utah. The IJ held Mr. Thongphilack's removal hearing on July 14, 2005. He did not appear, so the IJ entered an *in absentia* removal order.

_____

[1] In his order denying the motion to reopen, the IJ quoted his exchange with Mr. Thongphilack at the advisement hearing. Mr. Thongphilack does not dispute the IJ's description of the exchange.

Almost five months later, Mr. Thongphilack, through counsel, filed a motion to reopen supported by his affidavit claiming that he did not receive the notice of the July 2005 hearing at his new address in Ogden, Utah. He asserted that he prepared a change-of-address form in April 2005 and gave it to a friend to mail for him. He also alleged that he orally informed the IJ at the March 2005 advisement hearing of his new address. Respondent concedes that the notice was not sent to the Ogden address. The IJ determined that the hearing notice was sent to Mr. Thongphilack's address of record, that he had failed to file the necessary change-of-address form or otherwise provide his new address in a timely manner, and that he had actual notice of the hearing date. Accordingly, the IJ denied the motion to reopen. The BIA affirmed without opinion.

*Discussion*

When the BIA summarily affirms the decision of the IJ, we review the IJ's decision as the final agency action. 8 C.F.R. § 1003.1(e)(4); *Uanreroro v. Gonzales*, 443 F.3d 1197, 1203 (10th Cir. 2006). Although Mr. Thongphilack devotes most of his brief to his argument that respondent failed to show that he was removable, his failure to file a timely appeal of the removal order precludes our review of that order. *See Infanzon v. Ashcroft*, 386 F.3d 1359, 1361 (10th Cir. 2004) (holding appellate court was without jurisdiction over removal order because alien did not file petition for review within thirty days). We do

have jurisdiction to review the motion to reopen because "[i]t is considered a final, separately appealable order." *Id.*

If an alien fails to appear for his removal hearing, the IJ may enter an order of removal *in absentia*. 8 U.S.C. § 1229a(b)(5)(A). An *in absentia* order may be rescinded upon a motion to reopen if the alien demonstrates that he did not receive notice in accordance with 8 U.S.C. § 1229(a)(1) or (2). 8 U.S.C. § 1229a(b)(5)(C)(ii).[2]

"We review the [IJ]'s decision on a motion to reopen for an abuse of discretion. The [IJ] abuses [his] discretion when [his] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Tang v. Ashcroft*, 354 F.3d 1192, 1194 (10th Cir. 2003) (quotation omitted). "Motions for reopening of immigration proceedings are disfavored" because "every delay works to the advantage of the [removable] alien who wishes merely to remain in the United States." *INS v. Doherty*, 502 U.S. 314, 323 (1992).

The alien bears the "burden of demonstrating the claimed lack of notice." *Gurung v. Ashcroft*, 371 F.3d 718, 722 (10th Cir. 2004). Evidence that the notice of hearing was mailed to the alien raises a presumption of receipt. *See id.*

---

[2] Other grounds for a motion to reopen are that the alien's failure to appear was because of exceptional circumstances, as defined in 8 U.S.C. § 1229a(e)(1), or because he was in Federal or State custody at the time. 8 U.S.C. § 1229a(b)(5)(C)(i) & (ii). Mr. Thongphilack asserts none of these circumstances.

Congress has determined that "[t]he written notice [of the removal hearing] by the Attorney General shall be considered sufficient . . . if provided at the most recent address provided under [8 U.S.C. §] 1229(a)(1)(F)." 8 U.S.C. § 1229a(b)(5)(A). Consequently, the alien's "burden is not a light one." *Gurung*, 371 F.3d at 722. The alien must support his motion to reopen with affidavits or other evidentiary materials in order to overcome the presumption of receipt. 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 208.2(c)(3)(ii)(A).

The administrative record reflects that the notice of hearing was mailed to Mr. Thongphilack's former address in West Valley City. Mr. Thongphilack claims that respondent's failure to send the notice to his Ogden address provides grounds to reopen his removal proceedings.

Mr. Thongphilack relies on his own affidavit asserting that he gave his change-of-address form to an unidentified friend to mail for him. He has not provided an affidavit from the friend, nor does he claim the friend told him that the mailing had been accomplished. We conclude that Mr. Thongphilack's vague, self-serving claim that he entrusted a change-of-address form to a friend for mailing is not "substantial and probative evidence demonstrating that . . . nondelivery was not due to the alien's failure to provide an address where he could receive mail." *Gurung*, 371 F.3d at 722 (quotation omitted).

Mr. Thongphilack also contends that by orally informing the IJ of his new address at the March 2005 advisement hearing, he provided adequate notice of his

change of address. Written notice is required. *See* 8 U.S.C. § 1229(a)(1)(F)(i) (referring to "requirement that the alien must immediately provide (or have provided) the Attorney General with a written record of an address and telephone number (if any) at which the alien may be contacted"); 8 C.F.R. § 1003.15(d)(2) ("Within five days of any change of address, [an] alien must provide written notice of the change of address on Form EOIR-33 to the Immigration Court where the charging document has been filed . . . ."). Mr. Thongphilack argues that he provided written notice because he claims the IJ wrote down his new address. We reject this tortured construction of the written-notice requirement.

Mr. Thongphilack also argues that he was not required to report his change of address on a Form EOIR-33. He maintains that 8 C.F.R. § 1003.15(d)(1), which provides that an alien "*may* satisfy [the written notice of current address] requirement by completing and filing Form EOIR-33" (emphasis added), demonstrates that filing Form EOIR-33 is not mandatory. Aplt. Br. at 17-18. We need not decide whether written notice of a change of address provided in a format other than Form EOIR-33 is adequate because Mr. Thongphilack has made no showing that he provided any written notice that he had moved to the Ogden address. *Compare Tobeth-Tangang v. Gonzales*, 440 F.3d 537, 540 (1st Cir. 2006) (holding failure of aliens and their attorneys to follow agency's rules for providing change of address "should neither be indulged nor lightly excused") *with Beltran v. INS*, 332 F.3d 407, 412-13 (6th Cir. 2003) (holding regulation

-6-

requiring alien to file address change on Form EOIR-33 unreasonably adds additional requirement to statute; a written notice is sufficient). We hold that written notice of a change of address is required and that any oral notice Mr. Thongphilack may have given to the IJ was insufficient to overcome the presumption that he received the notice of his removal hearing.

Finally, we address Mr. Thongphilack's complaint that the administrative record does not include a transcript of the July 2005 removal hearing. He argues that without the transcript, this court cannot confirm that respondent sent written notice of the July 2005 hearing to him, or that he was, indeed, removable. The transcript is not necessary for our review of the issues properly before us. As discussed above, the burden is on Mr. Thongphilack to show that he did *not* receive notice, and this court does not have jurisdiction over the merits of the removal order due to Mr. Thongphilack's failure to file a timely petition for review.

For the foregoing reasons, we conclude that the IJ did not abuse his discretion in denying Mr. Thongphilack's motion to reopen. Accordingly, the petition for review is DENIED.