**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 5, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RODOLFO RAFAEL
CONDERMARIN-CACERES,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney
General of the United States,

Respondent.

No. 10-9561
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **ANDERSON**, and **HOLMES**, Circuit Judges.

---

Rodolfo Rafael Condermarin-Caceres petitions for our review of a Bureau

of Immigration Appeals (BIA) decision dismissing his appeal from the denial of a

motion to reopen his removal proceedings. Because petitioner did not exhaust the

issues he now raises, we dismiss the petition for review.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Petitioner failed to appear for his removal hearing before the Immigration Judge (IJ), thereby abandoning any applications for relief from removal. Admin. R. at 61. Upon finding the requisite written notice of the hearing had been given and the charge of removability established by the evidence, the IJ ordered petitioner removed *in absentia*. *Id.* Three years later, after he had married a U.S. citizen who filed a Petition for Alien Relative on his behalf, petitioner moved to reopen. As relevant here, an *in absentia* removal order may be rescinded through a motion to reopen on two grounds: "the alien demonstrates that the failure to appear was because of exceptional circumstances," provided the motion to reopen is filed within 180 days of the removal order, 8 U.S.C. § 1229a(b)(5)(C)(i); or "the alien demonstrates that the alien did not receive notice [of the removal hearing] in accordance with paragraph (1) or (2) of section 1229(a),"[1] in which case the motion may be filed at any time, *id.* § 1229a(b)(5)(C)(ii).

Petitioner's motion to reopen did not raise any issue about notice, relying instead (despite temporal problems) on an exceptional-circumstances argument. In denying the motion, the IJ specifically noted "entry of the *in absentia* order was appropriate because [petitioner] was properly notified of the proceedings and because [he] *does not allege he did not receive notice*." Admin. R. at 33 (emphasis added). The IJ rejected the exceptional-circumstances argument as

---

[1]     It is sufficient if written notice is sent to the last known address provided by the alien. 8 U.S.C. §§ 1229a(b)(5)(A), 1229(a)(1)(F).

both untimely and meritless (petitioner's subsequent marriage to a U.S. citizen "is not an exceptional circumstance which caused his failure to appear"). *Id.* On appeal to the BIA, petitioner again raised no issue regarding notice. The BIA "agree[d] with the [IJ's] denial of [petitioner's] motion to reopen," *id.* at 3, and dismissed the appeal, *id.* at 4.

Although variously framed in terms of improper factfinding, erroneous application of evidentiary standards, and even constitutional error, all of the objections petitioner now raises to the denial of his motion to reopen rest on the basic premise that he did not receive notice of his removal hearing and the IJ and BIA erred in failing to so find and grant his motion to reopen. But his motion to reopen and brief to the BIA never challenged receipt of notice. Citing this omission, the government insists we should dismiss this petition for review for failure to exhaust administrative remedies, under the rule of *Rivera-Zurita v. INS*, 946 F.2d 118, 120 n.2 (10th Cir. 1991) ("The failure to raise an issue on appeal to the [BIA] constitutes failure to exhaust administrative remedies with respect to that question and deprives the Court of Appeals of jurisdiction to hear the matter."). *See also Torres de la Cruz v. Maurer*, 483 F.3d 1013, 1017 (10th Cir. 2007); *Vatulev v. Ashcroft*, 354 F.3d 1207, 1211 (10th Cir. 2003). We agree.

The government notes this court has recognized a significant attenuating gloss on the exhaustion requirement, but argues it does not apply on the facts

here.[2]  In *Sidabutar v. Gonzales*, 503 F.3d 1116, 1122 (10th Cir. 2007), we held issues not raised by an alien may still be deemed exhausted if they were decided *sua sponte* in administrative proceedings.  But "*Sidubutar*'s 'sua sponte exhaustion' rule . . . is a narrow one."  *Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1235 (10th Cir. 2010).  For it to apply, "the BIA must:  (1) clearly identify a claim, issue, or argument not presented by the petitioner; (2) exercise its discretion to entertain the matter; and (3) explicitly decide that matter in a full explanatory opinion or substantive discussion."  *Id.*

Here, the BIA noted "the record reflects . . . the notice of hearing was mailed to [petitioner's] last known address," Admin. R. at 3, but that does not identify as an issue, much less explicitly decide, whether he actually received the notice.[3]  The BIA got closer when it found "[petitioner] has not demonstrated a lack of notice."  *Id.*  But, given the IJ's express acknowledgment that petitioner was not disclaiming receipt of the notice, and the absence of any argument on that point in his brief to the BIA, there is no basis for construing the BIA's language as anything more than it actually was, merely a recognition that *petitioner had not demonstrated*–indeed, had made no attempt to demonstrate–*a lack of notice* (and

---

[2]     Petitioner, who failed to anticipate the government's exhaustion objection in his opening brief and chose not to file a reply brief, has left the government's discussion of this critical point effectively unopposed.

[3]     We note petitioner also objects, in passing, that the address used for the notice of hearing was deficient, in that it lacked an apartment number.  This point was likewise never made to or explicitly resolved by the BIA.

it would have been his burden to do so, *Thongphilack v. Gonzales*, 506 F.3d 1207, 1209 (10th Cir. 2007)).  That falls well short of the BIA clearly identifying and then exercising its discretion to explicitly decide the distinct question whether the record affirmatively established petitioner *did in fact* receive the notice (a finding that did not need to be made precisely because he had not disputed the point).

"Whenever an agency states a conclusion . . .[,] it impliedly rejects any number of unmade potential arguments.  But *that* doesn't mean the agency noticed those arguments, let alone considered and ruled on them." *Id.* at 1239.  All of the strict requirements for *sua sponte* exhaustion must be clearly satisfied in order to accord the agency the deference to which it is entitled.  *Id.*  Thus, *sua sponte* exhaustion "will be the rare exception, not the rule." *Id.* at 1238.  This rare exception does not apply here.

We lack jurisdiction to consider petitioner's overarching contention that he did not receive notice of the removal hearing.  As all of his assignments of error are inextricably based on that contention, we must dismiss the petition for review.

The petition for review is DISMISSED.

Entered for the Court


Terrence L. O'Brien
Circuit Judge


-5-