FILED
United States Court of Appeals
Tenth Circuit

September 6, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JAMAL SAJIDI,

       Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

       Respondent.

No. 10-9588
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

An Immigration Judge (IJ) entered an order in absentia removing Jamal

Sajidi to Morocco after he failed to appear at a scheduled hearing.  Proceeding

pro se, he now seeks review of the decision of the Board of Immigration Appeals

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(BIA) affirming the IJ's refusal to reopen the removal proceedings. We deny the petition for review.

*Background*

Mr. Sajidi was admitted to the United States as a non-immigrant visitor in August 1998. Beginning in September 1999 and continuing into November 2005, he was arrested and charged with numerous offenses in Colorado. He failed to depart when his visa expired in February 1999. In November 2005, the Department of Homeland Security (DHS) charged him with removability as an alien who remained longer than allowed by his visa. In May 2006, through counsel, Mr. Sajidi conceded removability but sought cancellation of removal. The matter was set for hearing several times and continuances were granted. Mr. Sajidi's counsel withdrew in October 2007. A hearing was convened on August 19, 2008, at which Mr. Sajidi requested another continuance to permit him to retain counsel. A continuance was again granted and the matter was reset to September 10, 2008. Mr. Sajidi did not appear on September 10, and he was ordered removed in absentia.

Mr. Sajidi did not appeal. Instead, on December 8, 2009, he filed a motion to reopen, which was denied on January 21, 2010. On March 22, 2010, he filed a motion to reissue the first denial order so he could file an appeal. That motion was denied on April 5, 2010. On June 10, 2010, he filed another motion to reopen, asserting that he had not received notice of the September 10, 2008,

hearing. He maintains that he appeared at 2:00 p.m. on September 10, only to be informed that his hearing had been set for 1:30 p.m., and the removal order had already been entered.

Based on a review of the recording of the August 19, 2008 hearing, the IJ noted that Mr. Sajidi was present at the hearing without counsel. He spoke English. In granting the continuance, the IJ orally advised Mr. Sajidi that the next court hearing would be on September 10, 2008, at 1:30 p.m. In addition to the oral notice, the IJ found that he "was personally given a written notice for the hearing." Admin. R. at 38. Accordingly, the IJ held that there was no merit to the claim of lack of notification and denied the final motion to reopen. The BIA affirmed the decision without opinion.

*Analysis*

This court has jurisdiction to review the denial of a motion to reopen. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004). The standard of review is for abuse of discretion. *Id.* An abuse of discretion is defined as a decision that "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Gurung v. Ashcroft*, 371 F.3d 718, 720-21 (10th Cir. 2004) (internal quotation marks omitted). "When the BIA summarily affirms the decision of the IJ, we review the IJ's decision as the final agency action."

*Thongphilack v. Gonzales*, 506 F.3d 1207, 1209 (10th Cir. 2007); *see also* 8 C.F.R. § 1003.1(e)(4).

Mr. Sajidi first argues that he did not receive notice of the September 10 hearing. *See* 8 U.S.C. § 1229(a)(1) & (2) (requiring written notice of hearings to be provided to the alien). He relies on the Certificate of Service appended to the notice of hearing which indicates that a copy was given to "Alien's ATT/REP." Admin. R. at 95. But it is undisputed that he was not represented at the time, so it cannot be disputed that the notice was delivered to Mr. Sajidi personally. *See id.* (indicating the document was served by personal service).

Moreover, Mr. Sajidi has proffered no evidence except his own statement that he did not receive notice of the September 10 hearing. An "alien must support his motion to reopen with affidavits or other evidentiary materials in order to overcome the presumption of receipt." *Thongphilack*, 506 F.3d at 1210. His own self-serving affidavit stating that he did not receive the notice is insufficient. *See id.*; 8 U.S.C. § 1229a(c)(7) (requiring motion to reopen to "be supported by affidavits or other evidentiary material"). Mr. Sajidi has failed to carry his burden of demonstrating the lack of notice. *See Gurung*, 371 F.3d at 722 (holding alien bears the burden of demonstrating the claimed lack of notice and must present substantial and probative evidence).

Mr. Sajidi also asserts that his failure to appear at his hearing was due to "exceptional circumstances," so his motion to reopen should have been granted.

-4-

*See* 8 U.S.C. § 1229a(b)(5)(C)(i) (allowing in absentia order of removal to be rescinded upon motion filed within 180 days if alien demonstrates that his failure to appear was due to exceptional circumstances). He has the burden of showing exceptional circumstances beyond his control, such as serious illness, battery or extreme cruelty, "but not including less compelling circumstances." *Id.* § 1229a(e)(1); *see also Tang v. Ashcroft*, 354 F.3d 1192, 1194 (10th Cir. 2003) (holding alien has "the burden of establishing exceptional circumstances warranting rescission" of the removal order). He asserts that lack of notice is an exceptional circumstance justifying reopening. As discussed above, however, he has failed to establish that he did not receive notice, so we need not address whether lack of notice would satisfy his "difficult burden," *Tang*, 354 F.3d at 1194 (internal quotation marks omitted). Consequently, we cannot conclude that the IJ abused his discretion in denying Mr. Sajidi leave to reopen his removal proceedings.

### Conclusion

The petition for review is DENIED. Mr. Sajidi's motion to proceed in forma pauperis on appeal is GRANTED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-5-