FILED
United States Court of Appeals
Tenth Circuit

March 23, 2015

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

---

ASEL HUSSAIN AL FATLAWI,

      Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

      Respondent.

------------------------------------------------

AMERICAN IMMIGRATION
COUNCIL; AMERICAN
IMMIGRATION LAWYERS
ASSOCIATION,

      Amici Curiae.

No. 14-9565
(Petition for Review)

---

# ORDER AND JUDGMENT[*]

---

Before **TYMKOVICH**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Asel Hussain Al-Fatlawi, a native and citizen of Iraq, seeks review of the Board of Immigration Appeals' (BIA's) decision affirming the Immigration Judge's (IJ's) denial of his motion to reopen. Exercising jurisdiction under 8 U.S.C. § 1252(a)(1), we grant the petition.

## BACKGROUND

Al-Fatlawi was admitted to the United States as a refugee in 1993. Later, he became a lawful permanent resident (LPR).

In 2000, Al-Fatlawi was convicted in Utah state court of sexually abusing a child. *See* Utah Code Ann. § 76-5-404.1. Consequently, the former Immigration and Naturalization Service commenced removal proceedings on the basis of an aggravated-felony conviction. In 2001, an IJ found Al-Fatlawi removable, but granted him deferral of removal under the Convention Against Torture.

In 2013, Al-Fatlawi filed in the Immigration Court a "motion to reopen and re-calendar on *sua sponte*" grounds so he could seek a waiver of inadmissibility and an adjustment of status through his wife, who is a United States citizen. R. at 126. The IJ denied the motion. The IJ first concluded that a case could not be recalendared after a final order of removal unless the case is reopened. But Al-Fatlawi's case could not be reopened, the IJ reasoned, because the Tenth Circuit had not yet joined the majority of circuit courts holding that LPR aggravated felons are eligible for a waiver of inadmissibility if they attained LPR status after their admission to the United States. The BIA summarily affirmed the IJ's decision.

DISCUSSION

Where, as here, "the BIA summarily affirms the decision of the IJ, we review the IJ's decision as the final agency action." *Thongphilack v. Gonzales*, 506 F.3d 1207, 1209 (10th Cir. 2007). But we lack jurisdiction to review a decision not to reopen removal proceedings *sua sponte* "because there are no standards by which to judge the agency's exercise of discretion." *Infanzon v. Ashcroft*, 386 F.3d 1359, 1361 (10th Cir. 2004).

Nevertheless, we retain "jurisdiction to review constitutional claims or questions of law raised in a petition for review." *Salgado-Toribio v. Holder*, 713 F.3d 1267, 1271 (10th Cir. 2013) (internal quotation marks omitted), *see, e.g.*, *Mendiola v. Holder*, 576 F. App'x 828, 837 (10th Cir. 2014) (observing that the denial of a motion to reopen sua sponte can be reviewed to determine whether the agency "applied the proper constitutional and legal framework in making its decision"); *Pllumi v. Att'y Gen. of U.S.*, 642 F.3d 155, 160 (3d Cir. 2011) (holding that "when presented with a . . . decision rejecting a motion for sua sponte reopening, [a court] may exercise jurisdiction to the limited extent of recognizing" reliance "on an incorrect legal premise"); *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009) (stating that "where the Agency may have declined to exercise its *sua sponte* authority because it misperceived the legal background . . . , remand to the Agency for reconsideration in view of the correct law is appropriate"). Al-Fatlawi recognizes the jurisdictional limitation present in this case, and confines his argument to

"whether the [IJ] erred in holding that [he] is not statutorily eligible for a" waiver of inadmissibility. Reply Br. at 12.

Under 8 U.S.C. § 1182(h), "[n]o waiver [of inadmissibility] shall be granted under this subsection in the case of an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if . . . since the date of such admission the alien has been convicted of an aggravated felony." Recently, in *Medina-Rosales v. Holder*, No. 14-9541, 2015 WL 756345 (10th Cir. Feb. 24, 2015), this court joined the majority of circuits and held that § 1182(h) "clearly and unambiguously precludes eligibility for a waiver after conviction of an aggravated felony only if the alien received LPR status at the time the alien lawfully entered the United States, but it does not apply to an alien who obtained LPR status after having been present in the United States before acquiring that status." *Id.* at *3.

Because Al-Fatlawi obtained LPR status *after* being present in the United States, his conviction does not render him ineligible for a waiver of inadmissibility. Although the IJ did not have the benefit of *Medina-Rosales*, the denial of Al-Fatlawi's motion to reopen arises from a misinterpretation of § 1182(h), requiring remand to the BIA.

**CONCLUSION**

Al-Fatlawi's petition for review is granted and the case is remanded for further proceedings.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge