**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 8, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

VICTOR LOZANO GRANADOS,

     Petitioner,

v.

LORETTA E. LYNCH, United States
Attorney General,

     Respondent.

No. 14-9570
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Mr. Victor Lozano Granados, a Mexican citizen, is subject to a removal

order. He filed a petition for review, arguing that the Department of Homeland

Security had mistakenly denied eligibility for an adjustment of citizenship status

based on the lack of an immediately available visa. We reject this argument and

deny Mr. Lozano's petition.

---

[*]     Mr. Lozano requests oral argument, but we do not believe that oral argument
would materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C);
10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

    Our order and judgment does not constitute binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. Fed. R. App. P.
32.1(a); 10th Cir. R. 32.1(A).

**I.     Mr. Lozano could avoid removal only if he had an immediately available visa petition.**

In the administrative proceedings, Mr. Lozano conceded that he had entered the United States in 2009 without submitting to an inspection. With this concession, Mr. Lozano could avoid removal only by obtaining an adjustment of his citizenship status (lawful permanent residence) under 8 U.S.C. § 1255(i).

Mr. Lozano would be eligible for this adjustment only if he showed that a visa was immediately available when he filed his application for an adjustment of status. *Id*. § 1255(i)(2)(B). A visa would be immediately available if it had a "current" priority date. *United States v. Atandi*, 376 F.3d 1186, 1191 (10th Cir. 2004). A visa's priority date is "current" when it is earlier than the date shown on the U.S. Department of State Bureau of Consular Affairs Visa Bulletin. *Id.* at 1191 n.11.

Mr. Lozano tried to satisfy this requirement through his father's filing of a visa petition in 1992. The government approved the petition, which entitled Mr. Lozano to a visa. But Mr. Lozano never obtained a visa, and the government allegedly revoked its approval in 2004. Mr. Lozano's father filed a new visa petition in 2009, which the government approved, again entitling Mr. Lozano to a visa. The parties agree that (1) if the 1992 visa petition had not been revoked, it would be considered "current" and (2) the 2009 visa petition would not be considered "current."

-2-

Administrative regulations provide that when an alien obtains approval of two visa petitions, the newer petition is ordinarily considered a "reaffirmation" of the earlier petition. 8 C.F.R. § 204.2(h)(2). But an exception prevents reaffirmation when the government has revoked approval of the first visa petition. *Id.*

## II. Mr. Lozano bore the burden of proving invalidity of the government's revocation of the 1992 visa petition.

In his opening brief, Mr. Lozano does not question the fact that the 1992 visa petition was revoked in 2004. Instead, he argues that the revocation was improper. The immigration judge rejected this argument, and the Board of Immigration Appeals upheld that decision.

To address Mr. Lozano's argument, we consider only the grounds invoked by the Board of Immigration Appeals. *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006). In carrying out this review, we can consult the immigration judge's explanation of the same grounds. *Id.*

Our review differs for the board's legal conclusions and factual findings. We review the board's legal conclusions de novo. *Elzour v. Ashcroft*, 378 F.3d 1143, 1150 (10th Cir. 2004). But we review the board's factual findings with greater deference, considering them "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

We apply these standards to Mr. Lozano's argument that the 1992 visa petition was improperly revoked. On this issue, the parties disagree over which party bears the burden of proof. To resolve this disagreement, we must consider the context of the issue: the status of the 1992 visa petition is material only because Mr. Lozano sought an adjustment of his status to avoid removal. *See* 8 U.S.C. § 1255(i)(2)(B) (stating that aliens are eligible for an adjustment of status only if they have a visa immediately available when they file an application for adjustment of status). As an alien seeking adjustment of status, Mr. Lozano had the burden of showing an immediately available visa petition. *Luevano v. Holder*, 660 F.3d 1207, 1214 (10th Cir. 2011). Thus, to meet his burden, Mr. Lozano had to show that the 1992 visa petition had not been properly revoked.

According to Mr. Lozano, the government bore the burden of showing that the revocation was proper. We disagree: we presume that agency actions are valid, and the party challenging the agency action (Mr. Lozano) bears the burden of proving otherwise. *See Andalex Res., Inc. v. Mine Safety & Health Admin.*, 792 F.3d 1252, 1257 (10th Cir. 2015).

Mr. Lozano argues that if he must bear this burden, he faces the impossible task of proving a negative, the lack of notice. But this burden is neither impossible nor unusual. In other settings, we have held that the alien bears the burden of proving a lack of notice. *See Thongphilack v. Gonzales*, 506 F.3d 1207, 1209 (10th Cir. 2007) (rejecting a challenge to the lack of notice of an order for a

removal hearing, stating that the alien must demonstrate a lack of notice). At a minimum, Mr. Lozano could have testified at the removal hearing that he had no notice of the 2004 revocation. In addition, Mr. Lozano suggests that other evidence might have been available. For example, he says that he submitted a Freedom of Information Act request for information about the revocation proceedings and that the government's response did not include notice of the 2004 revocation. Pet'r's Opening Br. at 18 n.7. Mr. Lozano presumably could have provided evidence of his request or the government's response. But in light of the evidentiary options available to Mr. Lozano, we conclude that requiring him to bear the burden of proof would not create an impossible task.

## III. Mr. Lozano did not satisfy his burden of proof in the agency proceedings.

Upon determining that Mr. Lozano bears the burden of proof, we must review the board's determination that Mr. Lozano failed to satisfy his burden. In conducting this review, we need not decide whether to treat the board's conclusion as a legal or factual one. Even if we were to treat the board's conclusion as a matter of law, triggering de novo review, we would independently conclude that Mr. Lozano did not satisfy his burden of proof in the administrative proceedings. *See* p. 3, above (discussing the availability of de novo review over the board's legal conclusions).

In those proceedings, the government presented proof of the 2004 visa revocation and, as noted above, Mr. Lozano did not challenge the fact of revocation in his opening brief. Instead, he argued there that he had not obtained notice of the revocation. *See* 22 C.F.R. § 42.83(c) (requiring notice upon termination of an alien's registration). But Mr. Lozano did not present any evidence to support this argument. For example, in the administrative proceedings, he did not testify or present any other evidence suggesting a lack of notice when the visa petition was revoked. Without such evidence, we conclude that Mr. Lozano did not satisfy his burden of proof.

## IV. Mr. Lozano failed to exhaust his argument that the time-bar would not apply even if the 1992 visa petition had been properly revoked.

Mr. Lozano also asserts that the time-bar in 8 U.S.C. § 1153(g) is trumped by 8 U.S.C. § 1255(i). Section 1153(g) requires the Secretary of State to terminate registration for aliens who fail to apply for visas within a year of being notified that they are eligible to apply; section 1255(i) governs the adjustment of an alien's status. Mr. Lozano argues that § 1255(i) trumps § 1153(g), allowing him to retain eligibility for an adjustment of status even if the 1992 visa petition had been properly revoked. But we cannot entertain this argument because it was not presented to the Board of Immigration Appeals. *See Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010) (stating that we can consider a legal theory only if the same theory was presented to the Board of Immigration Appeals).

**V.    Mr. Lozano's assertion of "grandfather" status would not render him eligible for an adjustment of status.**

Mr. Lozano also contends that he retains eligibility for an adjustment of status because he qualifies as a "grandfathered alien." A "grandfathered alien" is an alien who can apply for adjustment of status under 8 U.S.C. § 1255(i). 8 C.F.R. § 245.10(b). But even if Mr. Lozano is a grandfathered alien, he could apply for an adjustment of status only if a visa petition had been immediately available. 8 U.S.C. § 1255(i)(2)(B); 8 C.F.R. § 245.10(b)(2). As a result, we need not decide whether Mr. Lozano qualified as a grandfathered alien. Regardless of whether he qualified, Mr. Lozano would not have been eligible for an adjustment of status. *See Luevano*, 660 F.3d at 1214 ("The fact that an alien is grandfathered [by having a timely filed petition] for [section 1255(i)] purposes does not entitle the alien to adjust status." (quoting *Matter of Rajah*, 25 I. & N. Dec. 127, 134 (BIA 2009))).

As discussed above, a visa was not immediately available to Mr. Lozano in connection with the 1992 visa petition because that petition had been revoked. The 2009 visa petition was approved, but that approval did not render a visa immediately available to Mr. Lozano because there was a substantial backlog of approved visa petitions. *See de Osorio v. Mayorkas*, 695 F.3d 1003, 1007 (9th Cir. 2012) ("Due to statutory limits for each visa category and a substantial backlog, it may be many years before a petition's priority date becomes 'current,'

meaning that a visa is available for the beneficiary named in the petition."), *rev'd on other grounds sub nom.*, *Scialabba v. Cuellar de Osorio*, 134 S. Ct. 2191 (2014). In light of this backlog, approval of a visa petition effectively entitled Mr. Lozano only to a position on a waiting list. *Atandi*, 376 F.3d at 1191. Mr. Lozano's position on that list, based on approval of the 2009 visa petition, left him unable to obtain a visa. To obtain a current priority date, Mr. Lozano had to rely on approval of the 1992 petition, which had already been revoked. Thus, even if Mr. Lozano were to qualify as a "grandfathered alien," he would not be eligible for adjustment of status.

## VI.    Mr. Lozano waived his argument that the government had failed to prove revocation of the 1992 visa petition (with or without proper notice).

Finally, in his reply brief, Mr. Lozano argues that the government failed to prove revocation of the 1992 visa petition. But this argument was not included in Mr. Lozano's opening brief. The omission results in waiver of this argument. *See Rock v. Levinski*, 791 F.3d 1215, 1223 (10th Cir. 2015). As a result, we decline to address Mr. Lozano's newly presented argument that the government failed to prove revocation of the 1992 petition.

## VII. Disposition

Accordingly, we deny Mr. Lozano's petition for review.

Entered for the Court


Robert E. Bacharach
Circuit Judge