**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 30, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PRABHJOT SINGH,

Petitioner,

v.

JEFF SESSIONS, United States Attorney
General,

Respondent.

No. 16-9544
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.

On March 10, 2014, Prabhjot Singh, a native and citizen of India, illegally entered

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument.

This order and judgment is an unpublished decision, not binding precedent. 10th
Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1.
It is appropriate as it relates to law of the case, issue preclusion and claim preclusion.
Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A).
Citation to an order and judgment must be accompanied by an appropriate parenthetical
notation – (unpublished). *Id.*

the United States near Lukeville, Arizona. He was detained by Border Patrol agents. The next day, the government personally served him with a Notice to Appear (NTA) alleging him to be inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) (alien present in the United States without being admitted or paroled). The NTA ordered him to appear before an Immigration Judge (IJ) in Phoenix, Arizona, "on a date to be set at a time to be set." (R. at 135.) On March 14, 2014, the government transferred Singh to Utah for removal proceedings.

On March 21, 2014, while still detained in Utah, he was served with a Notice of Hearing. The notice stated the hearing was to be held in West Valley, Utah, on April 22, 2014. On March 24, 2014, he received written notice re-scheduling the hearing for April 1, 2014.

The next day, Singh was released from custody after posting a $7,500 bond. He provided the government with a Turlock, California address.

On March 26, 2014, the government mailed a third notice of hearing to Singh at the Turlock, California address. The notice informed him a hearing would take place in West Valley, Utah, on August 7, 2014. The notice was <u>not</u> returned as undeliverable.

On August 7, 2014, Singh did not appear at the scheduled hearing. Upon finding Singh to have been given the requisite notice of the hearing and the government to have presented sufficient evidence establishing the charge of removability, the IJ ordered him removed *in absentia*. 8 U.S.C. § 1229a(b)(5)(A). That order was sent to Singh at the Turlock, California address. It too was <u>not</u> returned as undeliverable.

On September 4, 2014, Singh moved to reopen his immigration proceedings and rescind the *in absentia* removal order. He claimed, among other things, that he did not receive notice of the August 7 hearing. The IJ denied the motion and the BIA dismissed his appeal from the denial. Relevant here, the BIA decided Singh "was provided proper notice for his August 7, 2014, hearing. His affidavit in which he states he did not receive notice for the hearing, without more, is insufficient to overcome the presumption created by the proper notice sent to the address he provided." (R. at 3.)

Singh is persistent. He continues to maintain "he never received any communication from any government entity informing him that the originally stated Phoenix, AZ court appearance was shifted to Salt Lake City, Utah." (Petitioner's Op. Br. at 6.) Therefore, as his argument goes, he "had no effective notice . . . of the hearing and thus no meaningful opportunity to present applications for relief from removal." (*Id.*)

We review the denial of a motion to reopen for abuse of discretion. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* (quotation marks omitted). We see no abuse of discretion.

An *in absentia* removal order may be rescinded through a motion to reopen if the alien demonstrates he did not receive notice of his hearing. *See* 8 U.S.C. § 1229a(b)(5)(C)(ii). The alien bears the "burden of demonstrating the claimed lack of notice." *Gurung v. Ashcroft*, 371 F.3d 718, 722 (10th Cir. 2004). "The burden is not a

- 3 -

light one." *Id*. "Evidence that the notice of hearing was mailed to the alien [at his most recent address] raises a presumption of receipt." *Thongphilack v. Gonzales*, 506 F.3d 1207, 1209 (10th Cir. 2007); *see also Gurung*, 371 F.3d at 721-22 ("A notice to appear is sufficient, both for due process and statutory purposes, if it is sent by regular mail to an alien's contact address of record"; "the alien must overcome the presumption of due receipt raised by the evidence of mailing"). "The alien must support his motion to reopen with affidavits or other evidentiary materials in order to overcome the presumption of receipt." *Thongphilack*, 506 F.3d at 1210. Deliberate ignorance is most convenient and most difficult to disprove. The presumption is, therefore, most appropriate.

In his affidavit, Singh admits he gave the government the Turlock, California, address upon his release from custody on March 25, 2014. He also admits he resided at that address upon his release. Nevertheless, in the same affidavit, he alleges he did not receive notice of the August 7, 2014 hearing. But, as the BIA aptly said, such self-serving, conclusory statements are insufficient. *Thongphilack*, 506 F.3d at 1210; *see also Gurung*, 371 F.3d at 722; *Sajidi v. Holder*, 438 F. App'x 693, 695 (10th Cir. 2011) (unpublished).

The Petition for Review is **DENIED**. Singh's request to proceed on appeal *in forma pauperis* or *ifp* is **DENIED AS MOOT**. Since we have reached the merits of his petition for review, prepayment of fees is no longer an issue. The relevant statute, 28 U.S.C. § 1915(a), does not permit litigants to avoid payment of fees; only prepayment of fees is excused. Accordingly, Singh is required to pay all fees ($500.00). Payment must

be made to the Clerk of this Court.  *See* Fed. R. App. P. 15(e).


**Entered by the Court:**


**Terrence L. O'Brien**
United States Circuit Judge