**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 6, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

IVAN BARBOSA-RIOS,

     Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,

     Respondent.

No. 23-9584
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TYMKOVICH**, **BACHARACH**, and **CARSON**, Circuit Judges.

_____

The petitioner, Mr. Ivan Barbosa-Rios, petitioned us for judicial review over a final removal order. But we dismissed the petition on the ground that it was late. Given the dismissal, Mr. Barbosa-Rios asked the agency to reopen its proceedings and reissue the removal order so that he could file a new petition for judicial review. The agency declined, and Mr.

_____

[*]    Oral argument would not help us decide the appeal, so we have decided the appeal based on the briefing and the record. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Barbosa-Rios petitions us for judicial review over the agency's refusal to reopen the proceedings. We deny this part of the petition because the Board of Immigration Appeals had the discretion to deny reopening.

But Mr. Barbosa-Rios also challenges the final removal order. We dismiss these challenges, concluding that we lack jurisdiction over them because Mr. Barbosa-Rios waited too long to seek judicial review over the removal order.

1.      **The agency orders removal.**

Mr. Barbosa-Rios is a citizen of Mexico who entered the United States without inspection. When charged with inadmissibility, he sought asylum, withholding of removal, and deferral of removal. An immigration judge sustained the charge of inadmissibility, declined to withdraw or defer removal, and ordered removal to Mexico. The Board upheld the immigration judge's order.

2.      **Mr. Barbosa-Rios waits too long to seek judicial review.**

One day before the deadline to seek judicial review, Mr. Barbosa-Rios overnighted a petition for review of the decision. *See* 8 U.S.C. § 1252(b)(1) (establishing a 30-day period for filing petition for review). But the clerk received the petition one day late. So we declined jurisdiction.

2

**3.     The Board of Immigration Appeals denies Mr. Barbosa-Rios's motion to reopen.**

Mr. Barbosa-Rios moved to reopen the proceedings and reissue the final removal order so that he could file a timely petition for review. He argued that he couldn't have foreseen the delay because he had overnighted the petition.

The Board denied the motion to reopen, determining that

- service of the final removal order had been proper,

- a separate copy of the final removal order had gone to Mr. Barbosa-Rios, and

- the transmittal letter stated that any petition for review had to be received by the appropriate court of appeals within 30 days.

R. at 3 (internal quotation marks omitted). The Board found that Mr. Barbosa-Rios had not shown why he waited until the day before the deadline to send his petition to the clerk.

**4.     The Board acted within its discretion in denying the motion to reopen.**

We review the denial of a motion to reopen for an abuse of discretion. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004). The Board "abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* (internal quotation marks omitted).

Mr. Barbosa-Rios does not

3

- challenge the Board's determination that it properly served the final removal order or

- deny that he received that order.

He instead urges equitable tolling on the ground that

- he was diligent and

- he could not have foreseen the overnight service's failure to timely deliver the petition to the clerk's office.

But the filing deadline is "mandatory and jurisdictional" and "is not subject to equitable tolling." *Gonzalez-Alarcon v. Macias*, 884 F.3d 1266, 1271 (10th Cir. 2018). So equitable tolling is unavailable.

Mr. Barbosa-Rios also argues that the Board violated his right to due process by denying his motion to reopen. We disagree. Because noncitizens "do not have a constitutional right to enter or remain in the United States, the only protections afforded [them] are the minimal procedural due process rights for an opportunity to be heard at a meaningful time and in a meaningful manner." *Igiebor v. Barr*, 981 F.3d 1123, 1134 (10th Cir. 2020) (internal quotation marks omitted).

Mr. Barbosa-Rios failed to use his opportunity for meaningful input, and he hasn't shown that due process required another chance to file a timely petition for review. So Mr. Barbosa-Rios hasn't shown an abuse of discretion in the Board's refusal to reopen the proceedings.

4

**5.     We lack jurisdiction over Mr. Barbosa-Rios's other arguments.**

Mr. Barbosa-Rios also challenges the final removal order. But he waited too long to petition for review of that order, so we lack jurisdiction to consider those arguments. *See Gonzalez-Alarcon v. Macias*, 884 F.3d 1266, 1271 (10th Cir. 2018); *see also Thongphilack v. Gonzales*, 506 F.3d 1207, 1209 (10th Cir. 2007) (reviewing a motion to reopen, but not the final removal order, when the petition for review was timely only for the motion to reopen).

**6.     Disposition**

We dismiss the petition for judicial review with respect to the challenges involving the final removal order. And we deny the petition with respect to Mr. Barbosa-Rios's challenge to the Board's refusal to reopen the proceedings.

Entered for the Court

Robert E. Bacharach
Circuit Judge

5